

**SO ORDERED.**

**SIGNED this 31 day of August, 2009.**

_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON M. HUESER, | ) | Case No. 09-10601 |
| SHERRY A. HUESER, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| DAVID J. AKALIS, | ) | Case No. 08-13346 |
| PAULA J. AKALIS, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| MARLENA L. WARREN, | ) | Case No. 09-10039 |
| | ) | Chapter 13 |
| Debtors. | ) | |

1

# MEMORANDUM OPINION

In each of these three chapter 13 cases, debtors' counsel Mark J. Lazzo seeks a fee of $3,000 for representing the debtors. Because this fee exceeds the $2,500 "presumptive fee" established for this Division in *In re Mayer* in 2006, the Trustee has objected.[1] The Court convened a brief evidentiary hearing on August 17, 2009 and heard evidence from Mr. Lazzo and two other chapter 13 debtors' lawyers, David J. Lund and Michael J. Studtmann. The Trustee, Laurie B. Williams, appeared in pro per and testified in support of increasing the presumptive fee. The Court admitted exhibits from both parties, including statistical exhibits prepared by Ms. Williams. The Court took the matter under advisement but left the record open for possible further proceedings to hear from the creditor body.[2]

*In re Mayer* [3]

In *Mayer*, this Court concluded that in light of the then-recent enactment of BAPCPA (The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005), an increase of the presumptive fee to $2,500 was amply supported. At that time, the Court was convinced that the additional work imposed by the means test and other aspects of the 2005 law easily justified an

---

[1] This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O) and 11 U.S.C. § 330(a)(4)(B). The Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 1334 and 157(a) and (b)(1).

[2] The Court now issues this opinion as a final opinion, closing the record in this matter and declining to conduct further proceedings. The Court notes that only the standing trustee has filed an objection to the debtors' attorney's fees, ostensibly to bring the matter before the Court, and that no creditor in these three cases has filed an objection to allowing a fee of $3,000.

[3] The presumptive fee in a chapter 13 case was increased from $2,000 to $2,500 for all chapter 13 cases filed on or after July 18, 2006. This decision was entered in three companion cases: *In re Mayer*, No. 06-10013; *In re Connell,* No. 06-10300; and *In re Dick*, No. 06-10418. For ease of reference, these companion cases will be referred to collectively as *In re Mayer,* 2006 WL 2850451 (Bankr. D. Kan. Oct. 2, 2006).

increase of $500 per case. The presumptive fee increased for all chapter 13 cases filed on or after the date of the evidentiary hearing in *Mayer*, July 18, 2006, and has remained at $2,500 for the past three years. As always, and as this Court noted in *Mayer,* counsel seeking to be paid more than $2,500 may keep time records and file a "formal" fee application under Fed. R. Bankr. P. 2016(a) to obtain approval of fees over the presumptive amount.[4] The Court sees little need to restate *Mayer*'s legal conclusion that a detailed fee application in every chapter 13 case would add considerably to the work of both the attorneys and the Court for very little gain.

<u>The Current Cases</u>

Each of these three cases has a slightly different factual setting. In *Hueser*, one of the debtors owns and operates a hair salon business which is only marginally profitable; debtors are below-median income and have an applicable commitment period of three years. Debtors' home was in foreclosure when they filed their chapter 13 bankruptcy and they proposed in their plan to surrender the property. The mortgage lender sought and obtained stay relief without objection by debtors. The debtors in *Hueser* filed their chapter 13 petition and plan on March 12, 2009. The trustee was the sole objector to confirmation of the plan, only on the issue of debtors' attorney's fees.[5] Debtors' plan has not been confirmed.

In *Akalis*, the debtors had extensive tax claims by the Kansas Department of Revenue, to which a claims objection was filed by debtors, and a contest with their credit union over a secured claim. They also are below-median income debtors. Their plan provided for a conduit mortgage

---

[4] 2006 WL 2850451, *3.

[5] *Hueser*, Dkt. 24.

3

payment as debtors were delinquent on mortgage payments at the time of filing.[6] The debtors in *Akalis* filed their chapter 13 petition and plan on December 30, 2008. The trustee objected to confirmation on several grounds.[7] The credit union creditor also objected to confirmation but did not object to the debtors' attorney's fees; this creditor subsequently entered into stipulated plan treatment.[8] The debtors' plan was confirmed August 12, 2009, subject only to the presumptive fee issue.

In *Warren*, debtor was single and she claimed six dependents, all ages 10 and under. This debtor had no secured or priority claims. She is a below-median income debtor. Debtor filed her chapter 13 petition and plan on January 12, 2009. Her plan was confirmed, subject to the attorney's fees issue, on May 26, 2009.

No creditor in any of these three cases objected to Mr. Lazzo's claimed attorney's fees of $3,000. These three cases all appear to be typical of consumer chapter 13 cases in this Division.

<u>Presumptive Fees</u>

The bankruptcy courts may, consistent with § 330 of the Bankruptcy Code, set presumptive or "no-look" fees for debtor attorneys providing routine legal services in chapter 13 cases.[9] The Tenth Circuit Bankruptcy Appellate Panel noted that bankruptcy courts that allow a presumptive fee

---

[6] *See* Bankr. S.O. 09-2, Conduit Mortgage Payments in Chapter 13 effective October 1, 2008.

[7] *Akalis*, Dkt. 15.

[8] *Akalis*, Dkt. 16, 33.

[9] *See* Keith M. Lundin, 4 CHAPTER 13 BANKRUPTCY, 3RD EDITION, § 294.1, pp. 294-27 - 294-42 (2000 & Supp. 2004); *In re Eliapo,* 468 F.3d 592, 598-99 (9th Cir. 2006) (discussing the virtues of presumptive fees and citing other circuits that have approved use of presumptive fees); *Hastings v. United States Trustee (In re Agyekum),* 225 B.R. 695, 699 (9th Cir. BAP 1998).

4

merely set the maximum allowable fee without submitting a detailed fee application.[10] In this District, Judge Karlin, sitting in the Topeka division, has approved a chapter 13 presumptive fee of $2,800 for below-median income debtor cases and $3,300 for above- median debtor cases.[11] Other bankruptcy courts in the Tenth Circuit have increased their chapter 13 presumptive fees subsequent to BAPCPA.[12] As explained below, the Court believes that it is appropriate to increase the current presumptive fee for chapter 13 cases to the amount of $3,000.[13]

From the general statistical evidence compiled and presented by the Trustee in the current cases before it, the Court found most interesting the fact that the number of lawyers filing chapter

---

[10] *In re Rogers,* 401 B.R. 490, 494 (10th Cir. BAP 2009). *See also, In re Tahah,* 330 B.R. 777 (10th Cir. BAP 2005) (recognizing independent duty of bankruptcy courts to evaluate compensation requested under fee statute regardless of existence of presumptive fee).

[11] *In re Beck*, No. 06-40774 (Bankr. D. Kan. Feb. 21, 2007). The presumptive fee set by Judge Karlin encompasses the time period from initial consultation through discharge or completion of the case, whether by dismissal or closing. She "built in" to the presumptive fee, the amount of $450 for post-confirmation time not related to responding to motions, filing motions, or appearing in court. Judge Karlin also allowed additional "presumptive fees" of $400 for those cases (repeat filers) where counsel must file a motion to extend or create a stay.

[12] *See In re Mullings,* 2006 WL 2130648 (Bankr. E. D. Okla. Jul. 26, 2006) (increased presumptive fee to $3,750 in all chapter 13 cases effective August 15, 2006); *In re Attorneys' Fees in Chapter 13 Cases,* 2006 WL 4860080 (Bankr. D. Utah Mar. 22, 2006) (adopting presumptive fee of $2,750 through plan confirmation; declining presumptive *a la carte* fees for post-confirmation services).

[13] This increase is in line with chapter 13 presumptive fees in other jurisdictions. *See e.g., In re Thain,* 356 B.R. 804, 806 n. 4 (Bankr. D. Alaska 2006) (by local bankruptcy rule fees of $2,500 "deemed allowed" in chapter 13 consumer case); *In re Younger*, 360 B.R. 89, 93 n. 7 (Bankr. W.D. Pa. 2006) (no-look fee of $2,500 for chapter 13 cases after October 17, 2005); *In re Bellamy,* 379 B.R. 86, 90-91 (Bankr. D. Md. 2007) (tiered presumptively reasonable flat fees for chapter 13 cases ranging from $2,000 to $4,500, depending upon scope of representation; $3,500 presumptive fee for all matters in main case through confirmation and 6 months following confirmation); *In re Jones*, 2008 WL 4552370, *2 n. 2 (Bankr. E. D. Tenn. Oct. 6, 2008) (presumptive fee in chapter 13 cases raised to $3,000 on February 25, 2008).

5

13 cases in this Division has dropped from 91 to 71 since the effective date of BAPCPA.[14] Case filings in this Division are on the rise, suggesting that there are fewer attorneys to handle more chapter 13 cases than previously. The Court also notes with interest that, after the October 1, 2008 effective date of the Conduit Mortgage Rule in this District, some 143 cases have been filed in Wichita with plans providing for the payment of mortgages through the plan.[15] The lawyers who testified agreed that mandatory inclusion of the home mortgage payment for debtors who are in default at filing, while salutary, further complicates the work of debtors' lawyers and adds to the time involved in securing information about the claim and providing for it in a plan.

The Court also finds that the average retainer taken by lawyers prior to commencing these cases ranges from $500 to $1,000. Yet, at least based on Mr. Lazzo's time statements, a substantial amount of lawyer time goes into initial consultation with the clients and preparation of the petition, schedules, statements, and plan. In each of the three cases here, consultation and preparation of documents pre-filing took more than 8 hours and, in once case, more than 10 hours. At Mr. Lazzo's hourly rate of $195, simply commencing the case can entail $1,560 in fees. This suggests to the Court that debtors' lawyers take substantial payment risk by allowing fees to be paid over time.

Most importantly, it appears to the Court that Mr. Lazzo has expended about $3,000 in time on these cases that are now only at the point of confirmation. If the presumptive fee is to consider ordinary post-confirmation hand-holding as opposed to actual motion practice, an increase in the fee is warranted. This fact, along with the evidence submitted by the Trustee indicating what chapter 13 lawyers collect from post-BAPCPA cases, suggests that $3,000 is a fair presumptive fee for the

---

[14] *See Akalis,* Trustee Ex. H and H1.

[15] *See Akalis*, Trustee Ex. H2.

6

work of filing and prosecuting a chapter 13 case in this Division at this time.[16]  As reflected by the Trustee's exhibit summarizing attorney's fees paid through the plan during the approximate three year period October 2, 2006 - August 13, 2009 for closed cases, Mr. Lazzo filed 173 cases and his average fee to be paid through the plan was $1,542.  Mr. Lazzo actually received this average fee in 83.70% of the cases.[17]  This summary also demonstrates that the more prolific filers of chapter 13 cases are not fully paid their average fee through the plan, again pointing to the risk debtors' attorneys take in having their fees paid through case administration over time and the success rate of chapter 13 cases.[18]

As has been the custom here, if an attorney believes that she is entitled to an additional fee above the presumptive fee, she may keep time and apply separately for that fee's allowance as an administrative expense under Fed. R. Bankr. P. 2016.  Additionally, for work associated with post-confirmation modification of plans, defending motions for stay relief or motions to dismiss, or for other post-confirmation litigation activity, and if an attorney so desires, she may seek an additional fee by including a brief description of the work done and a prayer for same in a motion to modify

---

[16] As sought here and in future cases, this presumptive fee would cover the time and legal services from the initial consultation through plan confirmation.

[17] *See Akalis*, Trustee Ex. H3.

[18] *Id.*  Attorney Ronald Leslie filed 125 cases during this three year period, with an average fee of $1,193 to be paid through the plan, and received his average fee 89.74% of the time prior to closing.  Attorney David Lund filed 171 cases during this three year period, with an average fee of $1,551 to be paid through the plan, and received his average fee 86.74% of the time.  Attorney Michael Studtmann filed 161 cases during this three year period, with an average fee of $1,270 to be paid through the plan, and received his average fee 87.70% of the time.  Attorney William Zimmerman filed 127 cases during this three year period, with an average fee of $1,441 to be paid through the plan, and received his average fee 86.01% of the time prior to closing.  Attorney Todd Allison filed 101 cases during this three year period, with an average fee of $1,736 to be paid through the plan, and received his average fee 73.89% of the time.

7

or in a responsive pleading.[19] If an additional fee is requested, notice of the motion or responsive pleading containing that request should be given to the creditor body. If a creditor or party in interest objects to the additional fee application, the Court will conduct a hearing and consider the request at that time.

Retroactive Application of New Presumptive Fee

At the August 18 hearing, Mr. Lazzo orally requested that if the Court increased the presumptive fee to $3,000, such increase be retroactive. In support of that request, he argues that he has many cases filed between January 1, 2009 and the present date in which he believes he has earned an additional fee above $2,500 and that applying for fees in those cases will be expensive and time-consuming. The Trustee adamantly opposed this Order having retroactive effect because she fears a flood of such applications, especially where there appears to be no real basis upon which to establish a beginning date for the period of retroactivity. She also persuasively argues that making the $3,000 fee retroactive effectively modifies each plan that has been confirmed in this Court during the period of retroactivity, increasing the payment burden on the debtors and decreasing the distribution to many unsecured creditors.

Because no creditor had notice of this request for a retroactive increase of the presumptive fee, the Court denies it.[20] Further, there is no logical basis upon which the Court can set the date the

---

[19] *See In re Kiser*, 2009 WL 161322, *3 (Bankr. D. Kan. Jan. 22, 2009) (court will consider allowing "no-look" fee of $350 for defensive response to a motion to dismiss); *See also, In re Beck, supra*.

[20] The Court is also mindful of the general presumption against retroactivity, at least in the case of interpreting substantive statutory enactments. *See Landgraf v. USI Film Products,* 511 U.S. 244, 270 (1994) (noting that retroactivity is matter on which judges tend to have sound instincts and properly consider fair notice, reasonable reliance, and settled expectations that should not be lightly disrupted).

8

Case 09-10039   Doc# 33   Filed 08/31/09   Page 8 of 10

retroactive period is to begin. Unless a written motion for this treatment is noticed to the creditors in these and other cases, this Court sees no fair way to increase fees in previously-filed cases other than the three before it today by fiat. Mr. Lazzo's oral request for retroactivity of the presumptive fee is therefore DENIED.

Conclusion

Therefore, the Court ORDERS that in the three cases before the Court today, and in cases filed after the date this Order is entered on the docket, the presumptive fee for representing a chapter 13 debtor from initial consultation through plan confirmation in the Wichita Division shall be $3,000. If the trustee or a creditor objects to the presumptive fee in a particular case, it may pursue that objection by an appropriate pleading and bring that objection before the Court. If a debtor's attorney believes that time and expenses in excess of the presumptive fee will be consumed in a particular case, he or she may file a formal fee application with time records in accordance with Fed. R. Bankr. P. 2016(a) and § 330. If debtors' counsel seek additional fees for work done post-confirmation related to modifying a confirmed plan, responding to a motion to dismiss, responding to a stay relief motion, or some similar litigation activity, counsel may request that fee in the modification motion or in a responsive pleading along with a brief description of the work done and anticipated to be done. Any such request must be noticed to the matrix so that all creditors and parties in interest may have an opportunity to respond.

The trustee's objection to confirmation on the grounds that debtors' attorney's fees exceed the presumptive fee established in *Mayer* is OVERRULED. Debtors' attorney shall be allowed a presumptive fee of $3,000 and these cases shall be confirmed. The trustee is directed to prepare an appropriate order confirming the debtors' plans in these three cases.

9

IT IS SO ORDERED.

# # #